George Emil Bernard and Betty Bernard v. Commissioner.
Bernard v. Commissioner
Docket No. 84863.
United States Tax Court
T.C. Memo 1962-116; 1962 Tax Ct. Memo LEXIS 193; 21 T.C.M. (CCH) 613; T.C.M. (RIA) 62116; May 16, 1962
*193 Leonard Bailin, Esq., 1472 Broadway, New York, N. Y., for the petitioners. Arthur S. O'Neill, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $1,961.67 and an addition of $980.84 for fraud, in the income tax of the petitioners for 1957. He conceded at the trial that there was no fraud but alleged negligence. The issues for decision are 1. The amount of tips received by George; 2. Whether the petitioners furnished more than one-half of the support of a niece, and 3. Whether negligence is shown by the evidence in the record. Findings of Fact The petitioners, husband and wife, filed a joint return for 1957 with the district director for the Upper Manhattan District of New York. They reported therein total income of $6,342.82 consisting of salary of $3,745 for George and $1,597.82 for Betty and tips for George of $1,000. They claimed 6 exemptions, including one for a niece. The Commissioner, in determining the deficiency, increased George's tips to $9,362.50 and disallowed the exemption for the niece. George was employed during 1957 as a captain at the Stork Club *194 in New York City, where he was one of 20 captains. All tips received by captains there were placed in a box and divided equally among the 20 captains, every day or every other day. No record of the total tips was reported. The total tips received by George during 1957 was $1,500. The record fails to show that the petitioners furnished more than one-half of the support of the niece during 1957. $696 was received in Social Security payments for the support of the niece during 1957. The record fails to show that the petitioners were negligent in filing their return for 1957. Opinion The only evidence in regard to the tips George received is his own testimony from his own unaided recollection after a substantial lapse of time. We are satisfied that he did not receive the large amount determined by the Commissioner, but just how much he did receive is not so clear. The finding made is the best conclusion we can come to upon this record, having in mind . The evidence fails to overcome the determination of the Commissioner that the petitioners did not furnish over one-half of the support of the niece. Indeed it tends to support that *195 determination, taking into consideration the total income of the petitioners used in supporting 6 people and the amount received from Social Security for the support of the niece alone. The Commissioner has not sustained his burden of proof to show negligence. Decision will be entered under Rule 50.